IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DENISE ROBINSON,<br><br>                Plaintiff,<br>v.<br><br>TAD MECHAM., et al.,<br><br>                Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:15-cv-738<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

      This matter is referred to the undersigned under 28 U.S.C. 636 (b)(1)(B) from Judge Clark Waddoups.[1] This case is a civil rights action alleging violations 42 U.S.C. § 1983. Plaintiff is seeking "monetary damages and injunctive relief" for the alleged deprivations of her rights.[2] Pending before the court is Defendants Motion to Dismiss.[3] Defendants argue that each of the "claims brought by the Plaintiff fails to state a claim upon which relief can be granted."[4] In addition, Plaintiff's claims are simply "not plausible" based upon the surveillance video that captured the events at issue in this dispute. The undersigned agrees with Defendant's arguments and as set forth below recommends that the Motion to Dismiss be GRANTED.[5]

---

[1] Docket no. 8.

[2] Complaint ¶ 1.

[3] Docket no. 18.

[4] Mtn. p. 1.

[5] Because Mrs. Robinson proceeds pro se, the court construes her pleadings liberally and holds her submissions to a less stringent standard than the formal pleadings drafted by lawyers. *See Ericson v. Pardus et al.*, 127 S.CT. 2197, 2200 (2007); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.") (citation omitted).

BACKGROUND

At the outset the court notes that a surveillance video at the Kanab Port of Entry recorded the events at issue in this case. Plaintiff takes issue with the video attempting to undermine its authenticity or its consideration by the court.[6] As held by the Supreme Court in *Scott v. Harris*,[7] a court should view the facts in the light depicted by a video of the events and not blindly accept those facts set forth by a plaintiff.[8] The court finds no authenticity problems with the videotape and disagrees with Plaintiff's unsupported assertions that the video has been altered. The undersigned therefore finds it proper to view the facts in light of the videotape and not simply rely on Mrs. Robinson's version of the events.

This case arises from a large load of watermelons and the subsequent encounter that occurred between Plaintiff, her husband, and Defendants. On approximately July 1, 2015 around 2:00 p.m. Plaintiff was travelling with her husband through Kanab, Utah in a tractor trailer combination transporting watermelons to a retailer in Salt Lake City.[9] Upon passing through the Kanab Port of Entry and after weighing his tractor trailer Mr. Robinson stopped and was asked to enter the Port of Entry building with his paperwork.

The following events are depicted on the video recording from the Kanab Port of Entry. Defendant Mecham is first shown talking on a cell phone prior to the Robinsons entering the Port of Entry building. After finishing her call Mecham informed the Robinsons that they were 1000 pounds overweight on their tractor trailer. Mr. Robinson argued about being overweight and stated that he should receive a waiver or an allowance for fuel. Mecham responded that

---

[6] *Id.* at p. 2.

[7] 550 U.S. 372 (2007).

[8] *Id.* at 380-81 ("Respondent's version of events is so utterly discredited by the record that no reasonable jury could have believed him. The Court of Appeals should not have relied on such visible fiction; it should have viewed the facts in the light depicted by the videotape.").

[9] Op. p. 3, docket no. 19.

variances or allowances are not given, but rather citations are given to drivers for their vehicles being overweight. Mr. Robinson then responded that "I don't give a fuck what you do." The Robinsons were then asked to step outside. Mr. Robinson declined stating "I'm not going anywhere." Mecham then informed the Robinsons that she would get an officer to help with the situation. Mecham summoned a trooper from the Utah Highway Patrol for help.

Mr. Robinson threatened to file a § 1983 civil lawsuit and by this point in their encounter Mecham asked Jared Hammon, her coworker and codefendant, to help escort the Robinsons out of the building. Mr. Robinson exchanged some heated words with Hammon such as "Am I under arrest?" and "Don't touch me. I will defend myself." During this encounter Mrs. Robinson began to film what was happening on her cell phone. Apparently frustrated with the situation, the video shows Defendant Mecham reaching across the counter in an attempt to grab the cellphone of Mrs. Robinson. Mecham failed in her attempt and from the video it appears there was little if any contact between Mecham and Mrs. Robinson. Mr. Robinson asked Mrs. Robinson to call the police and after some other heated exchanges between the Robinsons and Defendants the Robinsons exited the building. The video shows that Mrs. Robinson exited with her cellphone.

After the ruckus that occurred between the parties Mecham ended up with Mr. Robinson's driver's license and medical card as they were given to her at the first of their encounter before things became heated. The Robinsons waited outside for the police to arrive. Utah Highway Patrol Trooper Nick Berry arrived after some deputies from the Kane County Sheriff's Office. Trooper Berry delivered the citation and Mr. Robinson's items to him. After the Robinsons adjusted their axels to make legal weight they proceeded on their way.

STANDARD

In deciding a motion to dismiss the court must determine whether the factual allegations made in the Complaint, if true, would entitle a plaintiff to a legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations."[10] "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[11] In other words, the complaint must provide "enough facts to state a claim to relief that is plausible on its face."[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13]

In addition, legal conclusions, deductions and opinions cast as facts are not presumed to be true and the court is to disregard conclusory allegations that lack factual support.[14] The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[15] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[16] Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."[17]

---

[10] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007).

[12] *Id.*

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 570 (2007)).

[14] *See Erikson v. Pawnee County Bd. of County Comm.*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).

[15] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[16] *Id.* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[17] *Id.* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

ANALYSIS

Defendants argue that

> under no scenario do the Plaintiff's factual allegations contain any indication of facial plausibility. Plaintiff's allegations are not factual – they are mischaracterizations. Simply, after viewing the surveillance video that depicts what really took place no Court could draw a reasonable inference that either Tad Mecham or Jared Hammon is liable for the misconduct alleged in the Plaintiff's Complaint. Plaintiff's Complaint is frivolous and her claims are not plausible.

In response, Mrs. Robinson alleges that the video "is incomplete, and dose [sic] not accurately depict the events in question."[18] The court should not rely "on the compromised video" and "Plaintiff [sic] claims are plausible."[19] The court has already rejected these arguments because there is nothing to support them.

After viewing the video, the undersigned agrees with Defendants. The video does not support Mrs. Robinson's view of the events. Rather, Mrs. Robinson's husband was the aggressor and instigator in this encounter. Accepting Mrs. Robinson's view of the events would not only be improper in this case, but it would also create a perverse incentive for individuals to instigate conflict so they could in turn file a civil rights lawsuit. The court declines Mrs. Robinson's invitation to engage in this type of logic.

In addition, the court agrees with Defendants arguments that qualified immunity precludes Plaintiff's claims, there was no constitutional violation on these facts, there was no violation of Mrs. Robinson's First Amendment speech rights, no seizure under either the Fourth or Fourteenth Amendment occurred, and there is no viable claim forcing Jared Hammon to intervene. In short, the events here do not shock the conscience or rise to a high level of

---

[18] Op. p. 19.

[19] *Id.*

outrageousness.[20] Rather, Mrs. Robinson's version of the events is so utterly discredited by the record that no reasonable jury or court would believe her.[21] The undersigned will therefore recommend that Defendants' Motion to Dismiss be granted.

RECOMMENDATION

For the reasons set forth above the undersigned RECOMMENDS that Defendants' Motion to Dismiss be GRANTED.

Copies of this report and recommendation are being mailed to all parties who are hereby notified of their right to object. Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.[22] Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29 July 2016.

*Brooke C. Wells*
Brooke C. Wells
United States Magistrate Judge

---

[20] *See Clark v. Edmunds*, 513 F.3d 12,19, 1222 (10th Cir. 2008).

[21] *See Harris*, 550 U.S. at 380-81.

[22] *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.